# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>QUENTIN HILL,<br><br>                Defendant. | Criminal No. 04-323 (1) (RHK/JSM)<br>Civil No. 16-cv-2143 (RHK)<br><br>**ORDER** |

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff.

Quentin Hill, Reg. No. 11832-041, USP Marion, 4500 Prison Road, Marion, IL 62959, pro se defendant.[1]

This matter is before the Court on Defendant Quentin Hill's June 24, 2016, Motion to Vacate and Correct Sentence, brought under 28 U.S.C. § 2255. (Doc. No. 36). The Defendant's Motion asserts his 2005 180-month sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("the Act," or "the ACCA"), should be vacated and corrected because his prior 1988 Minnesota convictions for third-degree criminal sexual conduct purportedly no longer qualify as a "violent felony" under the Act based on the retroactive application of the Supreme Court's decision in Johnson v. United States, 576

---

[1] The Defendant was initially represented in this matter by appointed counsel Assistant Federal Defender James Becker. Shortly after the Government filed its response to the Defendant's Motion, however, the Court granted appointed counsel's Motion to withdraw because the Defendant "communicated to counsel that he no longer requests assistance in this legal proceeding." (Doc. Nos. 44, 45)

U.S. ___, 135 S. Ct. 2551 (June 26, 2015). Specifically, the Defendant asserts that his two criminal sexual conduct convictions—either of which would constitute the third required ACCA violent felony—only qualify as a violent felony under the ACCA's now-defunct residual clause.[2] For the reasons discussed below, the Court denies Defendant's Motion and declines to issue a certificate of appealability.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

In July 2004, Minneapolis Police arrested the Defendant at his apartment building following a complaint that the Defendant and an accomplice had robbed a female of money and credit cards at gunpoint and that the Defendant then kidnapped her and sexually assaulted her. During a search of his apartment, police recovered a loaded .22-caliber semiautomatic handgun, a quantity of suspected crack cocaine, a glass crack pipe, and various pornographic material.

In August 2004, a grand jury returned a one-count Indictment charging the Defendant with one count of being a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), which carries a mandatory-minimum term of 180-months' imprisonment. (Doc. No. 1) In November 2004, the Defendant appeared with his counsel and pleaded guilty to the Indictment pursuant to an executed plea agreement filed with the Court. (Doc. Nos. 30, 31) The plea agreement included a waiver of appeal and collateral attack provision, wherein the Defendant agreed to "waive[] his right to appeal or to contest, directly or collaterally, the

---

[2] The Defendant does not challenge his ACCA predicate violent felony convictions for attempted simple robbery and first-degree burglary.

sentence on any ground" if the Court sentenced the Defendant at or below the Guidelines range contemplated by the plea agreement, which was 180 to 210 months.

In July 2005, the United States Probation Office issued its final Presentence Report ("PSR"), finding that the Defendant was subject to an enhanced sentence as an armed career criminal because the Defendant had four predicate violent felony convictions, namely, two third-degree criminal sexual conduct convictions, an attempted simple robbery conviction, and a first-degree burglary conviction. The Defendant did not object to his designation as an armed career criminal.

In August 2005, this Court sentenced the Defendant to the mandatory-minimum term of 180 months' imprisonment. (Doc. Nos. 33, 34) The Defendant did not appeal his conviction or sentence. On June 24, 2016, the Defendant, through appointed counsel, filed his present § 2255 Motion.

## DISCUSSION

### I. Scope and Timing of Section 2255 Relief

Although Section 2255 permits a federal prisoner to collaterally attack the constitutional or jurisdictional basis of a final federal conviction or sentence, "the remedy 'does not encompass all claimed errors in conviction and sentencing.'" Meirovitz v. United States, 688 F.3d 369, 370 (8th Cir. 2012) (quoting Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc)); United States v. Addonizio, 442 U.S. 178, 185 (1979). Absent a claimed constitutional or jurisdictional challenge, "the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited" to claimed errors of law constituting a "fundamental defect which inherently results in a

3

complete miscarriage of justice." Sun Bear, 644 F.3d at 704 (quoting Addonizio, 442 U.S. at 185).

Hence, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (noting that movant must establish both cause for "procedural default" and "actual prejudice" from alleged error before raising even constitutional issues for first time on collateral review).

The burden of proof is on the petitioner in a § 2255 proceeding to show that the Court violated "the Constitution or laws of the United States" by, in this case, sentencing him as an armed career criminal. 28 U.S.C. § 2255(a); Holloway v. United States, 960 F.2d 1348, 1355 (8th Cir. 1992); Day v. United States, 428 F.2d 1193, 1196 (8th Cir. 1970) (providing that petitioner bears burden of proof on each ground asserted in § 2255 motion). See also Stanley v. United States, 827 F.3d 562, 566 (7th Cir. 2016) (noting that "proponent of collateral review" required "to produce evidence demonstrating entitlement to relief").

The United States properly concedes that the Defendant's ACCA residual-clause claim based on Johnson is cognizable and timely—despite the Defendant's appeal and collateral-attack waiver in the plea agreement. See Headbird v. United States, 813 F.3d 1092, 1094-95 (8th Cir. 2016); Donnell v. United States, 826 F.3d 1014, 1015 (8th Cir. 2016); 28 U.S.C. § 2255(f)(3).

The Defendant, however, is not entitled to relief because at least one of his prior third-degree criminal sexual conduct convictions qualifies as a predicate violent felony under the ACCA's "force clause" in that it "has as an element the use, attempted use or threated use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i); United States v. Schaffer, 818 F.3d 796, 798 (8th Cir. 2016) ("Any crime which 'has as an element the use, attempted use, or threatened use of physical force against the person of another' qualifies as a violent felony under the force clause."). Accordingly, because the Defendant still has three predicate convictions for a violent felony that do not depend on the ACCA's residual clause, the Defendant still qualifies as an armed career criminal, his 180-month sentence was lawful, and the Defendant has failed to meet his burden under § 2255 of showing he is entitled to relief.

    **II.**    **The Defendant's August 1988 Minnesota Conviction for Third-Degree Criminal Sexual Conduct Qualifies as a Violent Felony Under the ACCA's Force Clause, Which was Unaffected by Johnson.**

    **A. The PSR's qualifying predicate offenses**

The unobjected-to PSR noted that the Defendant had been twice previously convicted for third-degree criminal sexual conduct in Minnesota; one offense committed in December 1987 and one offense committed in August 1988.  The Defendant challenges only these two convictions and does not challenge his prior felony convictions for attempted simple robbery and first-degree burglary as qualifying ACCA predicates. Accordingly, if either one of the Defendant's two prior third-degree criminal sexual conduct convictions qualifies as an ACCA predicate felony without resort to the residual clause, the Defendant would still be properly deemed an armed career criminal because

"Johnson did not invalidate the ACCA's force clause." United States v. Robinson, 826 F.3d 1044, 1045 (8th Cir. 2016) (citing Johnson, 135 S. Ct. at 2563).

According to Hennepin County certified court records for the August 1988 offense, the Defendant was initially charged with first-degree criminal sexual conduct, kidnapping, and simple robbery, but the Defendant pleaded to an amended lesser-included charge of third-degree criminal sexual conduct, and the counts of kidnapping and simple robbery were dismissed as part of the plea agreement. The PSR and court documents noted that the August 1988 offense involved the Defendant forcing the victim into a cellar, pinning her arms and attempting to force her to perform oral sex, and then forcing the victim to the ground and sexually penetrating the victim for approximately 20 minutes. Because the Defendant did not object to this factual statement in the PSR, the Court properly adopted it and relied on it at sentencing to find that it qualified as a predicate ACCA violent felony. See United States v. Garcia-Longoria, 819 F.3d 1063, 1067 (8th Cir. 2016) (holding that by failing to object to facts in PSR and by conceding that prior felony assault conviction was a crime of violence, defendant relieved government of obligation to establish that prior conviction was crime of violence by submitting court documents under modified categorical approach). See also Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (noting that "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'") (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

6

### B. Minnesota's statutory framework for third-degree criminal sexual conduct

At the time of the Defendant's offense, Minnesota's third-degree criminal sexual conduct statute, Minnesota Statute section 609.344, comprised several disjunctive statutory subparts (subdivisions 1(a) through 1(k), separated by the term "or"), some of which have as an element the use of force against the victim and some of which do not. See Minn. Stat. § 609.344 (1988).[3] Compare Minn. Stat. § 609.344, subd. 1(c) (providing that the defendant "uses force or coercion to accomplish the penetration") with subd. 1(d) (providing that the defendant knows the victim to be mentally impaired or incapacitated, or physically helpless). "The hallmark of divisibility is the enumeration of alternative bases for conviction separated by the disjunctive 'or.'" United States v. Bankhead, 746 F.3d 323, 326 (8th Cir. 2014). Minnesota's third-degree criminal sexual conduct statute, therefore, is a "divisible statute[]—[a] statute[] with multiple elements set out in the alternative." Headbird, 813 F.3d at 1096 (citing Descamps v. United States, 133 S. Ct. 2276, 2285 & n.2 (2013)); United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016) (noting that divisible statute "encompasses multiple crimes, some of which are crimes of violence and some of which are not").

Additionally, the Minnesota model jury instruction guides further support the divisibility of the third-degree criminal sexual conduct statute, as they provide separate jury instructions and elements for each statutory subpart. See, e.g., Minn. Crim. Jury

---

[3] Because § 609.344 carries a ten-year statutory maximum, Minn. Stat. § 609.344, subd. 2 (1988), it is a "crime punishable by imprisonment for a term exceeding one year." See 18 U.S.C. § 924(e)(2)(B).

Instr. Guide 12.21 (Criminal Sexual Conduct in the Third Degree – Force – Elements) (providing separate alternative instructions for force and coercion and verdict form questions requiring the jury to find whether the defendant used force, coercion, or both to commit the offense).  See also State v. Leake, 699 N.W.2d 312, 323-24 (Minn. 2005) ("The plain language of the elements of the offense indicates that third-degree criminal sexual conduct can be committed by coercion alone, force alone, or both force and coercion.").

### C. The modified categorical approach applies

The Defendant asserts that because one statutory subpart proscribes, for example, "consensual acts, . . . commonly known as statutory rape," which do not necessarily entail "physical force against the person of another," "the [r]esidual [c]lause is the sole classification by which this statute (and the relevant pair of convictions) could have been construed as ACCA predicates."  (Doc. No. 36, pp. 4-5)  But this terse analysis is insufficient to sustain the Defendant's burden under § 2255, see Stanley, 827 F.3d at 566, and in any event ignores the modified categorical approach applicable to the divisible statute at issue here.

Rather, "[w]hen the law under which the Defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the modified categorical approach permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record" documents and materials.  Curtis Johnson v. United States, 559 U.S. 133, 144 (2010) (citing Shepard v. United States, 544 U.S. 13, 26 (2005)).  See Rice, 813 F.3d

at 705 (stating that modified categorical approach used to determine which part of statute defendant violated and "whether a violation of that statutory subpart is a crime of violence").  See also United States v. Powers, Crim. No. 13-89, 2015 WL 5690973, at *8 (D. Minn. Sept. 28, 2015) (Nelson, J.) (employing modified categorical approach to determine under which portion of Minnesota first-degree criminal sexual conduct statute defendant convicted).  It is well established that these so-called Shepard documents and materials "include charging documents, jury instructions, plea agreements, transcripts of plea colloquies, or 'some comparable judicial record'" for determining which statutory subpart the defendant violated.  Headbird, 813 F.3d at 1096; United States v. Dawn, 685 F.3d 790, 794-95 (8th Cir. 2012).  See also United States v. Lopez-Zepeda, 466 F.3d 651, 653-54 (8th Cir. 2006) (construing 2000 version of Minnesota's third-degree criminal sexual conduct statute under analogous Guidelines' definition of "crime of violence," and employing modified categorical approach to consult "charging documents and the plea colloquy" to determine under which statutory provision defendant convicted).

### 1. The certified Shepard-materials reveal the statutory subpart of conviction involved the element of force.

The Defendant argues that his challenged conviction must have relied on the ACCA's residual clause because "the record is unclear" under which specific statutory provision he was convicted and, therefore, whether the conviction merely involved "consensual acts" or force.  (Doc. No. 36, p. 4)  But the certified Shepard-materials provided by the Government in its response (including the plea petition, plea transcript, case disposition, and judgment) readily show that the Defendant's August 1988 sexual

9

assault conviction was under Minn. Stat. § 609.44, subd. 1(c) (1988), which involves as an element the use of force to accomplish the sexual penetration.

For instance, the plea petition, case disposition, and judgment all show that the Defendant pleaded guilty to the lesser-included-charge of third-degree criminal sexual conduct under Minn. Stat. § 609.344, subd. 1(c), amended from the initial charge of first-degree criminal sexual conduct. And the plea colloquy transcript plainly shows that the Defendant admitted to using "force" to accomplish the sexual penetration of the victim against her will and without her consent by "pushing her down." (State v. Hill, Hennepin County Dist. Ct. No. 98139, Dec. 1, 1988 Felony Plea Tr., at pp. 9, 13-14) The Shepard materials therefore show that the statute of conviction was Minn. Stat. § 609.344, subd. 1(c) (1988). See Bankhead, 746 F.3d at 326 (noting that sentencing court consults Shepard documents to "determine which statutory phrase was the basis for conviction").

### D. The force element of Minnesota's third-degree criminal sexual conduct statute meets the ACCA's requisite of "physical force"

As noted, subdivision 1(c) proscribes the Defendant's use of force or coercion to accomplish the sexual penetration. Under the applicable definition at the time of the Defendant's conviction, "force" meant:

> the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which (a) causes the complainant to reasonably believe that the actor has the present ability to execute the threat and (b) if the actor does not have a significant relationship to the complainant, also causes the complainant to submit.

10

Minn. Stat. § 609.341, subd. 3. (1988).[4]  In Curtis Johnson, 559 U.S. at 140, the Supreme Court held that the ACCA's force-clause term of "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." Id. (emphasis in original).  See id. at 140-41 (construing "violent felony" and citing with approval dictionary definition that includes "forcible rape").

In Rice, the Eighth Circuit construed the "physical force" definition in the context of a felony battery conviction under the analogous Guidelines' force-clause provision, where the state statute defined the element of battery as "'intentionally or knowingly, without legal justification, caus[ing] physical injury to'" another person.  813 F.3d at 705.  The court reasoned that the battery conviction "include[d] the use of violent force as an element 'since it is impossible to cause bodily injury without using force 'capable of' producing that result.'"  Id. at 706 (quoting United States v. Castleman, 134 S. Ct. 1405, 1416-17 (2014) (Scalia, J., concurring)).  Because Minnesota's definition of force within the third-degree criminal sexual conduct statute includes "the infliction, attempted infliction, or threatened infliction by the actor of *bodily harm*," it readily meets the

---

[4] At the time of the Defendant's offense, the statute defined "coercion" as "words or circumstances that cause the complainant reasonably to fear that the actor will inflict bodily harm upon, or hold in confinement, the complainant or another, or force the complainant to submit to sexual penetration or contact, but proof of coercion does not require proof of a specific act or threat."  Minn. Stat. § 609.341, subd. 14 (1988).  While the definition of coercion could also readily meet the ACCA's definition of "physical force," see, e.g., Schaffer, 818 F.3d at 798 (holding that "act with intent to cause fear . . . of immediate bodily harm or death" satisfies ACCA's force clause), it is not necessary to make that determination in this case because coercion is an alternative element of the divisible statute and the Shepard materials show that the Defendant admitted to the element of force.  See Lopez-Zepeda, 466 F.3d at 654 (declining to determine whether "coercion" meets Guidelines' "crime of violence" definition because Shepard materials demonstrated force was element).

ACCA's requirement of physical force because it is impossible to cause bodily harm without using force capable of producing that result.

In Schaffer, 818 F.3d at 798, the Eighth Circuit construed Minnesota's definition of "assault" under a felony domestic assault conviction, which the defendant claimed was overbroad and did not qualify as a violent felony under the ACCA because it includes threats with intent to cause fear of immediate bodily harm and causing such fear did not require the use of "physical force." The court rejected the notion that threatening bodily harm and causing a victim to actually fear bodily harm was relevant to the analysis because the difference between a threat and actually causing fear lies in the victim's mental state, which is not the proper focus of the violent force inquiry. See id. at 798. The court reasoned that a "threat" is "a 'communicated intent to inflict harm or loss on another.'" Id. (quoting Black's Law Dictionary 1708 (10th ed. 2014)).[5]

Under established Eighth Circuit precedent, therefore, Minnesota's statutory definition of "force" readily meets the ACCA's requirement of "physical force" within the context of third-degree criminal sexual conduct, and the harm that results from the force used or threatened is the forced submission to sexual penetration. Minn. Stat. § 609.341, subd. 3 (1988). Accordingly, the Defendant's August 1988 conviction for third-degree criminal sexual conduct under Minn. Stat. § 609. 344, subd. 1(c), qualifies

---

[5] The court also found no merit in the Defendant's argument that the statute was overbroad because it was purportedly possible to place someone in fear of immediate bodily harm without using violent force, such as by exposing someone to a deadly virus. Id. See also Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007) (holding that to find state statute reaches crime beyond generic definition "requires a realistic probability, not a theoretical possibility"); United States v. Roblero-Ramirez, 716 F.3d 1122, 1126 (8th Cir. 2013) (same).

under the force-clause of the ACCA as the Defendant's third predicate violent felony, and is unaffected by Johnson. The Defendant, therefore, has failed to meet his burden under § 2255 of showing that he is entitled to relief.

## CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability for a § 2255 Motion only if there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Copeland v. Washington, 232 F.3d 969, 977 (8th Cir. 2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based on the discussion above, the Court concludes the Defendant has failed to demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong, Slack v. McDaniel, 529 U.S. 473, 484 (2000), and therefore declines to issue a certificate of appealability.

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED**:

1. The Defendant's Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 36) is **DENIED**; and

2. The Court **DECLINES** to issue a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-2143.

Dated: October 19, 2016

                                            s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge